```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

PYTHON CORPORATION                        CIVIL ACTION

VERSUS                                    NO: 05-5196

KOSTMAYER CONSTRUCTION, LLC,              SECTION: "A" (3)
ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 17)** filed by third party plaintiff and cross claimant American Casualty Company. Defendants James H. Kostmayer, Jr., Lida Sewell Kostmayer, Hiram Investments, Inc., Hiram Investments, LLC, Kostmayer & Associates, Inc., Kostmayer Construction Co., Inc., JHK, Inc., and Kostmayer Construction, LLC (hereinafter collectively referred to as "Defendants") oppose the motion. The motion, set for hearing on November 1, 2006, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED.

### I.   BACKGROUND

The instant matter arises out of a construction contract entered into between the United States Army Corps of Engineers and defendant Kostmayer Construction, LLC as general contractor for the project known as Gulf Intracoastal Waterway Inner Harbor Navigational Canal Lock Guidewall and Dolphin Replacement. Pursuant to the Miller Act, Kostmayer obtained payment and performance bonds for the project from American Casualty. American Casualty required Kostmayer Construction, LLC and its principals and other related parties to

execute indemnity agreements in favor of American Casualty in connection with providing the Miller Act bonds.

Python Corporation, plaintiff herein, alleges that it performed services pursuant to a subcontract with Kostmayer but that it was never paid for its services.  Python brought this suit against Kostmayer Construction, LLC and American Casualty.

**II.   DISCUSSION**

American Casualty moves for summary judgment against James H. Kostmayer, Jr., Lida Sewell Kostmayer, Hiram Investments, Inc., Hiram Investments, LLC, Kostmayer & Associates, Inc., Kostmayer Construction Co., Inc., and JHK, Inc. on its third party demand against these parties and against Kostmayer Construction, LLC on its cross claim against this party.  American Casualty seeks a ruling enforcing the indemnity agreements although American Casualty recognizes that the amount of the indemnitors' liability will not be determined until American Casualty's loss in connection with this suit is fully determined.

In opposition, Defendants argue that American Casualty has submitted no proof that it paid or incurred any expense in conjunction with this case.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most

2

favorable to the non-movant, "show that there is no genuine issue as to any material fact." <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. <u>Id.</u> (citing Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. <u>Id.</u> (citing <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Defendants have admitted that they executed general agreements of indemnity in favor of American Casualty.  (Uncontested Material Fact No. 3).  Paragraph 2 of the indemnity agreements provides in relevant part:

> The Indemnitors will indemnify and save [American Casualty] harmless from and against every claim, demand, liability,

> cost, charge, suit, judgment and expense which [American
> Casualty] may pay or incur in consequence of having
> executed . . . such bonds . . ., including, but not
> limited, to fees of attorneys . . ., and the expense of
> procuring or attempting to procure, release from liability,
> or in bringing suit to enforce the obligation of any of the
> Indemnitors under this Agreement.  In the event [American
> Casualty] deems it necessary to make an independent
> investigation of a claim, demand or suit, the Indemnitors
> acknowledge and agree that all expense attendant to such
> investigation is included as an indemnified expense.

American Casualty Exh. A, ¶ 2.  Given that American Casualty has agreed that the amount of the indemnitors' liability will not be determined until American Casualty's loss in connection with this suit is fully determined, Defendants' argument in opposition lacks merit.  American Casualty is entitled to summary judgment.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 17)** filed by third party plaintiff and cross claimant American Casualty Company should be and is hereby **GRANTED**.[1]

November 7, 2006

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] American Casualty's motion is granted as prayed for except that the Court declines *at this time* to find that the Indemnitors owe interest on all sums due.  American Casualty did not brief the issue of its entitlement to interest, and the Court was unable to find a specific reference to interest in the indemnity agreement.

4